# EXHIBIT 25

| DISTRICT COURT, DENVER, COLORADO<br>1437 Bannock St<br>Denver, CO  80202 | **EFILED Document**<br>**CO Denver County District Court 2nd JD**<br>**Filing Date: Nov  9 2010  3:36PM MST**<br>**Filing ID: 34271276**<br>**Review Clerk: Kari S Elizalde** |
|---|---|
| Plaintiff: UNITED WESTERN BANK | |
| v. | σ COURT USE ONLY σ |
| Defendants: COUNTRYWIDE FINANCIAL CORPORATION, et al. | Case Number: 10CV3325 |
| | Courtroom:  2 |

### COURT'S ORDER RE: DEFENDANT KURLAND'S MOTION TO DISMISS

This matter is before the Court pursuant to Defendant Kurland's Motion to Dismiss filed July 23, 2010. A hearing was held on October 26, 2010.  The Court, having reviewed the pleadings, the file, and applicable authorities, hereby Finds and Orders as follows:

1. Plaintiff is the purchaser of various mortgage-backed securities (the "Securities") issued by Defendant Countrywide Financial Corporation and several of its subsidiaries (collectively, "Countrywide").  It brings claims under the federal Securities Act of 1933 and the Colorado Securities Act, alleging that the Registration Statements and Prospectus Supplements used to market the Securities contained misrepresentations, causing Plaintiff to purchase securities that were riskier than represented to it.

2. Defendant Kurland is Countrywide's former President and Chief Operating Officer. He apparently signed the Registration Statement for one or more of the Securities at issue. Mr. Kurland seeks dismissal under Colo. R. Civ. P. 12(b)(2) alleging the Court lacks personal jurisdiction.

3. A plaintiff seeking to invoke a Colorado court's jurisdiction over a non-resident defendant must comply with the requirements of Colorado's long-arm statute and constitutional due process. C.R.S. §13-1-124(1)(a)-(b); Archangel Diamond Corp. v. Lukoil, 123 P.3d 1187, 1193 (Colo. 2005). The Colorado General Assembly intended for the state's long-arm statute to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions. Id. Due process requires that a defendant have certain minimum contacts with the forum state so that he or she may foresee being answerable in a court there. First Horizon Merch. Servs., Inc. v. Wellspring Capital Mgmt., LLC, 166 P.3d 166, 173 (Colo. App. 2007). In addition to minimum contacts, due process requires a court to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

4. Plaintiff alleges the Court has specific jurisdiction over Mr. Kurland. In determining whether specific jurisdiction exists, Colorado courts conduct a two-part test analyzing (1) whether the defendant purposefully availed himself or herself of the privilege of conducting business in the forum state, and (2) whether the litigation arises out of the defendant's forum-related contacts. <u>First Horizon</u>, 166 P.3d at 173. Jurisdiction over individual officers and directors must be based on their individual contacts with the forum state. <u>Ten Mile Indust. Park v. Plains Serv. Corp.</u>, 810 F.2d 1518, 1527 (10th Cir.) 1987.

5. Mr. Kurland is a resident of California and employed in California. He has never resided in Colorado nor had a mailing address, bank account, telephone number, or license to do business in Colorado. Mr. Kurland did not sign the Registration Statements in Colorado. During Mr. Kurland's employment with Countrywide, he did not oversee or direct any activities by Countrywide or its employees specifically directed to Colorado. In fact, Mr. Kurland did not know of Plaintiff United Western Bank (based in Colorado) or that it ever purchased securities from Countrywide. Indeed, Countrywide entities and underwriters, not Mr. Kurland, offered the securities to investors nationwide and Plaintiff was one of many purchasers across the country.

6. The sole act of signing a Registration Statement for a security that <u>may</u> end up in Colorado (to the same extent such security may end up in any other state), does not meet the contacts necessary to establish jurisdiction under Colorado's long-arm statute. In addition, Mr. Kurland's failure to take any actions even remotely targeted toward this forum is insufficient to establish purposeful availment to Colorado jurisdiction. The Court finds that exercising jurisdiction would be a violation of Defendant's due process rights and applicable law.

7. The Court does not interpret Section 22 of the federal Securities Act of 1933 to confer nationwide service in state courts. Thus, the Court lacks jurisdiction under such theory.

8. Accordingly, the Court lacks personal jurisdiction over Mr. Kurland. Defendant Kurland's Motion to Dismiss is GRANTED. Mr. Kurland is hereby DISMISSED.

Done this 9th day of October, 2010.

By the Court:

Herbert L. Stern III
District Court Judge

cc: Counsel of Record