# EXHIBIT 28

| | |
|---|---|
| DISTRICT COURT, DENVER, COLORADO<br>1437 Bannock<br>Denver, CO 80202 | **EFILED Document**<br>**CO Denver County District Court 2nd JD**<br>**Filing Date: Jan 6 2011 3:59PM MST**<br>**Filing ID: 35240181**<br>**Review Clerk: Kari S Elizalde** |
| Plaintiff(s): UNITED WESTERN BANK | σ COURT USE ONLY σ |
| Defendant(s): COUNTRYWIDE FINANCIAL CORPORATION, et al | Case Number(s): 10CV3325<br>Courtroom: 269 |

**COURT'S ORDER RE: DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court pursuant to Defendants Countrywide Financial Corporation, Countrywide Home Mortgage Loans, Inc., CWALT, Inc., CWMBS, Inc., Countrywide Capital Markets, Countrywide Securities Corporation, and Bank of America Corporation's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction filed July 23, 2010. Defendant UBS Securities, LLC joins in the Motion.

The Court having reviewed the pleadings, considered the statements of Counsel at a Hearing on October 26, 2010, and being fully advised Finds and Orders as follows:

1. Plaintiff United Western Bank ("UWB") brings this action against Defendants seeking to recover tens of millions of dollars in losses that it allegedly suffered by virtue of having purchased $108 million of mortgage backed securities from Countrywide in 2005 and 2006. These securities are those allegedly "toxic" mortgage backed securities which banks and various other lenders offered for sale in the years leading up to this country's national economic crisis. Defendants are accused of having made numerous misrepresentations about the nature and type of the loans as well as their underwriting standards and related matters. Defendants' seek dismissal of Plaintiff's three federal claims based on the three year statute of repose found in 15 U.S.C. §77(m). Plaintiffs assert that the period of repose was legally tolled by virtue of timely filed class actions in California.

2. Before proceeding further, the Court notes that Plaintiff has conceded certain aspects of the Motion to Dismiss. Pursuant to the Joint Notice Regarding Plaintiff's Concessions filed November 12, 2010, the concessions are: a) all claims against Countrywide Home Mortgage Loans, Inc. shall be dismissed; b) as to claim I, Defendant CFC shall be dismissed; c) Defendants CFC, CWALT, and CWMBS shall be dismissed from claim II; d) as to claims I, II, and III, securities purchased pursuant to Mortgage Pass-Through Trust 2005-HYB3 shall be stricken; e) the IV claim has not been sufficiently pled under section 604(3) of the Colorado Securities Act; f) Defendants CFC, CWALT, and CWMBS shall be dismissed from the part of claim IV asserted under section 604(4) of the

Colorado Securities Act; and, g) Bank of America shall be dismissed from claim IV.

3. There are five securities now involved in this case. They are identified as follows: 1) Alternative Loan Trust 2005-J10; 2) Alternative Loan Trust 2005-J13; 3) Alternative Loan Trust 2005-43; 4) Mortgage Pass-Through Trust 2005-HYB8; and, 5) Mortgage Pass-Through Trust 2005-31. The first three securities were listed in a California Superior Court Class Action known as *Luther v. Countrywide Homes Loan Servicing, Inc.* filed November 14, 2007. The fourth security listed, Mortgage Pass-Through Trust 2005-HYB8, was included in a different California class action complaint filed June 12, 2008 known as the *Washington State Plumbing and Pipe* action. The fifth security, Mortgage Pass-Through Trust 2005-31, was listed in a consolidated complaint filed October 2008 in the California Class Action.

4. As to the repose issue, the Court agrees with Plaintiff and Finds the following cases to be dispositive when considered together along with their progeny:

   a) *American Pipe and Construction Compnay v. Utah,* 414 U.S. 538 (1974)
   b) *Arivella v. Lucent Technologies, Inc.,* 623 F. Supp. 2d 164 (D. Mass. 2009)
   c) *Rosenthal v. Dean Witter Reynolds,* 883 P.2d 522 (Colo. App. 1994) affirmed in part and reversed in part on other grounds, 908 P.2d 1095 (Colo. 1995)
   d) *Crown, Cork & Seal, Co., Inc., v. Parker* 462 U.S. 345 (1983)
   e) *Joseph v. Wiles,* 223 F.3d 1155 (10th Cir 2000).

   Defendants' cases are distinguishable and/or unconvincing.[1]

5. Given the well settled, high burden applicable to Motions to Dismiss, all of the Defendants' other arguments are unpersuasive. Defendants' Motion to Dismiss is DENIED.

6. Time constraints and lack of a law clerk make a more detailed Order unfeasible. The Court apologizes for not providing an opinion as detailed and articulate as the Parties' Briefs.

DATED this 6th day of January 2011.

BY THE COURT:

Herbert L. Stern, III
District Court Judge

---

[1] The Court carefully considered the thoughtful repose argument of Defendant Spector which was incorporated by Movants herein.