IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02268-WJM-KLM

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for United Western Bank,

     Plaintiff,

v.

COUNTRYWIDE FINANCIAL CORPORATION,
COUNTRYWIDE HOME MORTGAGE LOANS, INC.,
CWALT, INC.,
CWMBS, INC.,
COUNTRYWIDE CAPITAL MARKETS,
COUNTRYWIDE SECURITIES CORPORATION, and
BANK OF AMERICA CORPORATION.

     Defendants.

_____

**ORDER**
_____

This matter is before the Court on Defendants' **Joint Motion for a Temporary Stay of Proceedings Pending Determination by the JPML of any Objection to Transfer of This Case to the MDL Court** [Docket No. 30; Filed September 12, 2011] (the "Motion"). Plaintiff filed a Response[1] [#33] in opposition to the Motion on September 13, 2011. Defendants filed a joint Reply [#35] on September 15, 2011.  For the reasons set forth below, the Court **GRANTS** the Motion.

**Procedural Background**

Defendants removed this lawsuit to federal court on August 30, 2011, pursuant to

---

[1] The Response is actually Plaintiff's Combined Reply in Support of its Motion for an Expedited Briefing Schedule and Expedited Consideration of its Motion to Remand and Opposition to Defendants' Motion to Stay.

12 U.S.C. § 1819(b)(2)(A)[2] [Docket No. 1].  In short, Plaintiff is litigating this suit on behalf of United Western Bank "to recover losses suffered from [United Western Bank's] investments in certain mortgage-backed securities . . . issued by [Defendant] Countrywide Financial Corporation, and various of its subsidiaries . . . ."  *Complaint* [Docket No. 2] at 8.

On September 7, 2011, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Conditional Transfer Order, conditionally transferring this suit to the Central District of California.  *See Conditional Transfer Order* [Docket No. 25-1].  As of that date, the JPML had already transferred to that court six other actions involving common questions of fact so that a single District Judge could coordinate the cases and consolidate pretrial proceedings.  *See id.*

On September 8, 2011, Plaintiff filed a Motion to Remand This Case to State Court [Docket No. 26] ("Motion to Remand"), without referencing the JPML Order issued the day before.  In a separate motion filed later the same day [Docket No. 27], Plaintiff requested expedited consideration of its Motion to Remand, acknowledging the JPML Order by stating that it would be objecting to the transfer.

On September 12, 2011, Defendants jointly filed the present Motion [#30], requesting a stay of all proceedings pending determination by the JPML of any objections filed by Plaintiff to transfer of this action to the Central District of California.[3]  In part, Defendants contend that a stay should be issued so that, if the objections to transfer are

---

[2] A civil case "shall be deemed to arise under the laws of the United States" where "[the FDIC], in any capacity, is a party."  12 U.S.C. § 1819(b)(2)(A).

[3] Defendants assert that Plaintiff filed its objections to the transfer on September 14, 2011.  *See Reply* [#35] at 3.

overruled by the JPML, the Multidistrict Litigation ("MDL") court can decide the issue of remand on a coordinated basis with the other cases before it.  *See id.* at 2.

## Analysis

Before addressing the merits of Defendants' Motion, the Court must address Plaintiff's argument that its pending Motion to Remand [Docket No. 26] should be determined before resolving Defendants' Motion [#30].  *See Response* [#33] at 2-6.  At the outset, the Court notes that "the vast majority of Courts to consider the issue in [the MDL] context have chosen to rule on a pending motion to stay even when a motion to remand has also been filed."  *Franklin v. Merck & Co., Inc.*, No. 06-cv-02164-WYD-BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (citing *Hatch v. Merck & Co. Inc.*, No. 05-1252 T/AN, 2005 WL 2436716, at *1 (W.D. Tenn. Oct. 2, 5005) (collecting cases)).

In *Franklin v. Merck & Co., Inc.*, the defendant removed the case from state court, and the JPML subsequently issued an order conditionally transferring the litigation to the associated MDL court.  *See Franklin*, 2007 WL 188264, at *1-2.  The plaintiffs filed a motion to remand before the order to transfer was finalized, but the district court first chose to address, and grant, the defendant's motion to stay.  *See id.*  Plaintiff here attempts to distinguish *Franklin* by stating that the court there "did not indicate that it was giving preliminary consideration to the merits of the motion to remand," and, therefore, that "it does not appear that removal in that case was obviously improper like it is here." *Response* [#33] at 5.

The Court is unpersuaded by Plaintiff's argument distinguishing *Franklin*.  If the JPML unconditionally transfers this case, the Court agrees with the *Franklin* court that a motion to remand should be determined by the court presiding over the MDL litigation, thus

promoting judicial economy and reducing the risk of inconsistent rulings on similar issues. Plaintiff's strongly held belief that removal in this case was "obviously improper" is not a ground on which this Court should delay ruling on Defendants' Motion.  Accordingly, the Court overrules Plaintiff's argument that the Court should resolve the pending Motion to Remand [Docket No. 26] before resolving Defendants' Motion [#30].

The Court next turns to the merits of Defendants' Motion.  Pursuant to 28 U.S.C. § 1407(a), (c):

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated and consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions . . . .  Proceedings for the transfer of an action under this section may be initiated by . . . motion filed with the panel by a party in any action in which transfer for coordinated or consolidated pretrial proceedings under this section may be appropriate . . . .

When a motion brought pursuant to 28 U.S.C. § 1407 is pending, the Court has the discretion to stay proceedings, because the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Franklin*, 2007 WL 188264, at *2 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding; (3) the convenience to the Court of staying; (4) the interests of nonparties in either staying or proceeding; and (5) the public interest in either staying or proceeding.  *String Cheese Incident, LLC v. Stylus*

*Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30. 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

With regard to the first factor, Plaintiff has not argued that a stay of the proceedings would be prejudicial in any way. Presumably, Plaintiff seeks to avoid a stay so as to obtain a ruling on its Motion to Remand in this Court, instead of in the MDL court. *See Response* [#33] at 3. The Court declines to speculate as to why Plaintiff prefers to obtain that ruling here and further declines to assume that Plaintiff will be prejudiced if it does not do so. The Court finds that the first *String Cheese Incident* factor weighs neither in favor of nor against staying this case.

The second factor is whether denying a stay would present an undue burden on Defendants. The JPML has already initially determined that this litigation should be transferred. *See Conditional Transfer Order* [Docket No. 25-1]. If the JPML overrules Plaintiff's objections to its order, then Defendants would have "unnecessarily [been] prejudiced as [they] would be entitled to [simultaneously] defend similar suits in multiple jurisdictions," creating duplicative discovery and motions practice. *Franklin*, 2007 WL 188264, at *2, *3. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying these proceedings.

The third factor concerning convenience to the Court weighs in favor of a stay. The motion to transfer could dispose of the litigation in this court for the entirety of pretrial proceedings. Judicial resources would best be conserved by imposing a stay until the transfer issue is resolved so that, if the transfer is finalized, the JPML court can determine all pretrial matters in a coordinated manner. The Court therefore finds that the third *String*

*Cheese Incident* factor weighs in favor of a stay.

With regard to the fourth factor, the parties have not alluded to any nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying the case.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court clearly serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of staying the case.

Weighing these factors in light of the present posture of this case, the Court concludes that a stay of all proceedings is appropriate, pending the JPML's final resolution of the motion to transfer pursuant to 28 U.S.C. § 1407.

## Conclusion

It is hereby ORDERED that  Defendants' **Joint Motion for a Temporary Stay of Proceedings Pending Determination by the JPML of any Objection to Transfer of This Case to the MDL Court** is **GRANTED**.  All proceedings in this matter are hereby **STAYED** pending the JPML's final resolution of the motion to transfer pursuant to 28 U.S.C. § 1407.

It is further **ORDERED** that the parties shall file a joint status report with the Court within seven days of any action taken by the JPML regarding the present litigation.

It is further **ORDERED** that the Scheduling Conference set for November 7, 2011, at 11:00 a.m. is **VACATED**.  The Court will set a Scheduling Conference, if necessary, after final resolution by the JPML of the motion to transfer.

DATED: September 19, 2011 at Denver, Colorado.

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United/ States Magistrate Judge